People v Holman

2026 NY Slip Op 02463

April 23, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

The People of the State of New York, Respondent,

v

Diondre Holman, Defendant-Appellant.

Decided and Entered: April 23, 2026

Ind No. 75322/23|Appeal No. 6469|Case No. 2025-00972|

Before: Manzanet-Daniels, J.P., Kennedy, González, Pitt-Burke, Rosado, JJ.

Jenay Nurse Guilford, Center for Appellate Litigation, New York (Alec D. Miran of counsel), for appellant.

Darcel D. Clark, District Attorney, Bronx (Joseph P. Tucker of counsel), for respondent.

[*1]

Judgment, Supreme Court, Bronx County (Jeffrey M. Zimmerman, J.), rendered February 6, 2025, convicting defendant, upon his plea of guilty, of criminal possession of a weapon in the fourth degree, and sentencing him to three years of probation, unanimously modified, on the law, to the extent of striking the condition of probation requiring him to pay the mandatory surcharge and associated fees, and otherwise affirmed.

Defendant made a valid waiver of his right to appeal (see People v Thomas, 34 NY3d 545, 559 [2019], cert denied 589 US 1302 [2020]). This forecloses our review of his excessive sentence claim (see People v Lowndes, 239 AD3d 574, 575 [1st Dept 2025], lv denied 44 NY3d 1012 [2025]). Alternatively, we find no basis to reduce his sentence.

Defendant's valid waiver of his right to appeal does not foreclose review of his facial constitutional challenge to the "good moral character" provision of New York's gun licensing scheme, and he has standing to bring it despite his never having applied for a gun license (see People v Johnson, — NY3d —, 2025 NY Slip Op 06528, *2 [2025]). However, the contention is unpreserved, and we decline to review it in the interest of justice (id.). Alternatively, this claim is unavailing (see People v Martinez, 238 AD3d 423, 424 [1st Dept 2025], lv denied 44 NY3d 1067 [2026]).

Defendant's appeal waiver also does not foreclose his challenge to the legality of condition 10 of his probation and does not require preservation (see Lowndes, 239 AD3d at 575). That condition requires defendant to "[p]ay the mandatory surcharge, crime victim assistance fee, fine, sex offender registration fee, DNA databank fee, supplemental sex offender victim fee, and any other fee or surcharge imposed, as directed by the court." This condition is unrelated to ensuring that he leads a law-abiding life or to his rehabilitation (see People v Percy, 234 AD3d 619, 620 [1st Dept 2025]). We note that the People do not oppose this relief.

THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED: April 23, 2026