People v Grant
2026 NY Slip Op 03082
May 14, 2026
Appellate Division, First Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

The People of the State of New York, Respondent,
v
Jeremy Grant, Defendant-Appellant.

Decided and Entered: May 14, 2026
Ind No. 73722/23|Appeal No. 6633|Case No. 2024-06778|
Before: Manzanet-Daniels, J.P., Kennedy, Friedman, Gesmer, Rosado, JJ.

Jenay Nurse Guilford, Center for Appellate Litigation, New York (Leanna J. Duncan of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Lindsey Richards of counsel), for respondent.

[*1]
Judgment, Supreme Court, Bronx County (Seth Steed, J.), rendered October 18, 2024, convicting defendant, upon his plea of guilty, of criminal possession of a weapon in the fourth degree, and sentencing him to a term of three years of probation, unanimously modified, on the law, to the extent of striking the condition of probation requiring him to pay the mandatory surcharge and associated fees, and otherwise affirmed.
Defendant validly waived his right to appeal. The court's explanation tracked the model colloquy the Court of Appeals endorsed in People v Thomas (34 NY3d 545, 567 [2019], cert denied 589 US 1302 [2020]). "The record does not support defendant's contention that the court misled him as to his right to counsel on any appeal of the limited issues he was still entitled to pursue notwithstanding the waiver" (People v Jackson, 244 AD3d 547, 548 [1st Dept 2025]). Defendant's valid waiver forecloses review of his excessive sentence claim. In any event, we perceive no basis for reducing the sentence.
Defendant's valid waiver does not foreclose review of his facial Second Amendment claim pursuant to New York State Rifle & Pistol Assn., Inc. v Bruen (597 US 1 [2022]) (People v Johnson, — NY3d —, 2025 NY Slip Op 06528, *2 [2025]). Additionally, defendant has "standing to challenge the facial constitutionality of the state's firearm licensing scheme, notwithstanding his failure to apply for a license" (id. at *2). On the merits, defendant has failed to establish that the indictment is unconstitutional (see e.g. People v Guzman, 237 AD3d 570, 571 [1st Dept 2025], lv denied 44 NY3d 993 [2025]).
Defendant's waiver of his right to appeal forecloses review of his as-applied constitutional challenges to probation condition 7 under the First Amendment and the vagueness doctrine of due process under the Fifth and Fourteenth Amendments (see People v Lombard, 241 AD3d 1126, 1126 [1st Dept 2025]). To the extent that he asserts facial constitutional challenges to condition 7, his claims survive his appeal waiver (see Johnson, 2025 NY Slip Op 06528 at *2). However, his constitutional challenges are unpreserved because he did not raise them before the trial court (see People v Cabrera, 41 NY3d 35, 42 [2023]), and we decline to reach them in the interest of justice.
To the extent that defendant challenges the "good moral character" and felon-in-possession provisions (Penal Law § 400.00[1][b], [c]), his arguments are unpreserved because he failed to raise them in his motion to dismiss the indictment, and we decline to review them in the interest of justice (see People v Martinez, 238 AD3d 423, 424 [1st Dept 2025], lv denied 44 NY3d 1067 [2026]). As an alternative holding, we reject them on the merits (see Guzman, 237 AD3d at 571; see also Zherka v Bondi, 140 F4th 68, 75 [2d Cir 2025], cert denied — US — [2026]).
[*2]
Defendant's non-constitutional challenges to his probation conditions survive a valid waiver of the right to appeal and do not require preservation because the "issue implicates the legality of the sentence imposed" (People v Alvarez, 233 AD3d 619, 620 [1st Dept 2024], lv denied 43 NY3d 961 [2025]). Defendant possessed a loaded pistol and admitted to the Department of Probation that he smoked marijuana daily and associated with negative peers. Accordingly, the sentencing court "providently deemed [condition 7] reasonably necessary to insure that the defendant will lead a law-abiding life" and found that imposing condition 7 would "assist him to do so" (People v Lowndes, 239 AD3d 574, 575 [1st Dept 2025] [internal quotation marks omitted], lv denied 44 NY3d 1012 [2025]). Defendant's association with negative peers and regular marijuana use also justified imposition of condition 9, which permitted his probation officer to impose a curfew. Additionally, since defendant admitted to daily marijuana use and had an open case at the time of sentencing for selling controlled substances, the court also properly imposed condition 15, which required defendant to submit to testing for "alcohol and illegal substances" (Penal Law § 65.10[2][e]) (see People v Rosavong, 245 AD3d 482, 483 [1st Dept 2026]).
However, no basis exists for condition 10, which requires defendant to pay the mandatory surcharge and fees imposed at the time of sentencing. Accordingly, condition 10 is stricken (see People v Holman, AD3d , 2026 NY Slip Op 02463 [1st Dept 2026]; People v Percy, 234 AD3d 619, 620 [1st Dept 2025]). We note that the People do not oppose this releief.
Given that defendant worked off the books and planned to open his own auto mechanic business, the court providently determined that imposition of condition 13, requiring him to maintain "suitable employment, or pursue a course of study or vocational training approved by the Department of Probation," and to "[s]ubmit proof of such employment, study or training as directed by the Department of Probation," was "reasonably necessary to insure" that he led "a law-abiding life" (Penal Law §§ 65.10[1], [2][c]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 14, 2026